George McMAHON, Plaintiff,

v.

CITY OF EDGEWATER, FLORIDA, Randy Allman, individually and as Mayor of the City of Edgewater, Gary Roberts and Myron Hammond, individually and as Councilmen of the City of Edgewater, Defendants.

No. 97–1378–CIV–ORL–19C.

United States District Court, M.D. Florida, Orlando Division.

Jan. 20, 1999.

---

**1282**

Joseph William, Law Firm Troutman, Williams, Irvin, Green & Helms, P.A., for Plaintiff.

David V. Kornreich and Benton N. Wood, Law Firm of Muller, Mintz, Kornreich, Caldwell, Casey, Crosland & Bramnick, P.A., Miami, FL, for Defendants.

## ORDER

FAWSETT, District Judge.

This cause came before the Court on the following matters:

(1) Defendants' Motion for Summary Judgment and Statement of Undisputed Facts (Doc. No. 13, filed July 21, 1998); Defendants' Memorandum of Law in Support of their Motion for Summary Judgment (Doc. No. 14, filed July 21, 1998); Affs. of Susan Wadsworth (Doc. No. 15, filed July 21, 1998; Doc. No. 19, filed August 11, 1998); and Plaintiff's Response to Defendants' Memorandum of Law in Support of their Motion for Summary Judgment (Doc. No. 20, filed September 14, 1998);

(2) Plaintiff's Counter–Motion for Partial Summary Judgment on Issue of Liability and Statement of Undisputed Material Facts (Doc. No. 21, September 14, 1998); Plaintiff's Memorandum of Law in Support of Counter–Motion for Partial Summary Judgment on the Issue of Liability (Doc. No. 22, filed September 14, 1998); Aff. of George McMahon (Doc. No. 24, September 14, 1998); Deps. of Randy Allman, George McMahon, Ken Hooper, Nikki Clayton, Gary Roberts, and Myron Hammond (Doc. Nos. 27–33, filed September 14, 1998); and Defendants' Memorandum of Law in Opposition to Plaintiff's Counter–Motion for Partial Summary Judgment (Doc. No. 36, filed October 13, 1998);

(3) Plaintiff's Request for Oral Argument (Doc. No. 25, filed September 14, 1998).

## I. BACKGROUND

Plaintiff brings a four-count Complaint for violations of his due process rights under the United States Constitution and for breach of contract under Florida law. (Doc. No. 1). In November, 1991, Plaintiff was hired as the City Manager of the City of Edgewater, Florida ("City"). Plaintiff was terminated by the City on October 6, 1997.

When Plaintiff was hired in 1991, he entered into an agreement with the City in which the City's and his rights and responsibilities were delineated ("Agreement"). (Doc. No. 21, App.1–9). The Agreement was for a term of two years. *See id.* at App. 2.

In the prefatory language of the Agreement, the parties noted that "it would be mutually beneficial to have a contract of employment" which "provide[s] a just means for terminating the City Managers services at such time as the City may desire to terminate his employ." *See id.* at

App. 1. Moreover, Section 8 of the 1991 Agreement provided that termination of the Agreement would be "governed by the provisions of Section 2–3 of the Code of Ordinances, City of Edgewater, Florida." *See id.* at App. 4. At that time, Section 2–3 provided, in relevant part, as follows:

> The city council may remove the city manager at any time by a majority vote of its members. If requested by the manager, a public hearing shall be granted by the council within thirty (30) days following notice of removal. During the interim the council may suspend the manager from duty, but shall continue the manager's salary and, if the removal becomes final, shall pay said salary for three (3) calendar months following the final removal date.

*See id.* at App. 7. The 1991 Agreement did not expressly require "just cause" for the termination of the City Manager. *See generally id.* at App. 1–9.

On May 3, 1993, Plaintiff's Agreement with the City was extended through May 30, 1995. *See id.* at App. 10. Several amendments were made to the 1991 Agreement relating to the duties of the City Manager, performance evaluations, compensation, benefits, and termination of employment. *See id.* at App. 10–12. The amendment to the termination of employment section, Section 8, did not relate to the City's ability to terminate the City Manager and, thus, is not relevant to the present dispute. *See id.* at App. 12. In all other respects, the 1991 Agreement remained "in full force an effect." *See id.*

On May 5, 1997, Plaintiff once again renewed his Agreement with the City. *See id.* at App. 14. The "Second Amendment to Agreement" extended Plaintiff's employment until June 30, 1999. However, Section 8 of the Agreement was amended to allow the City Manager's termination in accordance with Section 2–2 of the Code of Ordinances, City of Edgewater, Florida. *See id.* at App. 15. At the time Plaintiff was terminated, Section 2–2 provided as follows:

> The City Council may remove the City Manager at any time by a majority vote of its members. If requested by the manager, a public hearing shall be granted by the Council within thirty (30) days following notice of removal. During the interim the Council may suspend the manager from duty, but shall continue the manager's salary and, if the removal becomes final, shall pay said salary for three (3) calendar months following the final removal date unless such removal is for cause. In the event of removal for cause, the Council shall have no obligation to pay any severance. The term "for cause" shall be deemed to include: willful violation of the provisions of the city manager's employment agreement or law; willful disregard of a clear, direct order, request or policy of the City; habitual drug use; or conviction of any crime involving moral turpitude or relating to official duties. The benefits described in this section would be eligible to the manager upon completion of his initial six-month probationary period.

*See id.* at App. 16.

Finally, the "Personnel Policy and Procedure Manual" of the City of Edgewater, Florida ("Manual") provided rights to employees of the City of Edgewater. *See id.* at App. 31–32. However, to the extent that the Manual was in conflict with the Agreement between the City Manager and the City, "the contents of the [A]greement shall prevail." *See id.* at App. 31 (quoting Manual, § 1.00, General Policy).

## II. STANDARD

Summary judgment is authorized "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c); *accord Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary

judgment is appropriate only in circumstances where "the evidence is such that a reasonable jury could [not] return a verdict for the nonmoving party." *Id.* The moving party bears the burden of proving that no genuine issue of material fact exists. *Celotex v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In determining whether the moving party has satisfied the burden, the Court considers all inferences drawn from the underlying facts in the light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505. The Court may not weigh conflicting evidence or weigh the credibility of the parties. *See Hairston v. Gainesville Sun Pub. Co.,* 9 F.3d 913, 919 (11th Cir.1993) (citation omitted). If a reasonable fact finder could draw more than one inference from the facts, and that inference creates an issue of material fact, then a court must not grant summary judgment. *Id.* (citation omitted).

## III. DISCUSSION

Count One of the Complaint alleges violations of the Due Process clause under section 1983. (Doc. No. 1, ¶¶ 18–23). The allegations encompass both substantive and procedural claims. *See id.*

█ Initially, to the extent Plaintiff attempts to state a claim for violations of his substantive due process rights, summary judgment must be granted in favor of Defendants. *See McKinney v. Pate,* 20 F.3d 1550, 1560 (11th Cir.1994) (noting that a substantive due process claim is not available in the employment context).

█ With regard to his procedural due process claim, Plaintiff must establish that he had a vested property interest in his continued employment with the City. *See Stough v. Gallagher,* 967 F.2d 1523, 1530 (11th Cir.1992). In this regard, the determination of whether a property interest exists depends upon the application of state law. *See id.* Under Florida law, an employee does not have a property interest in his or her employment unless a

contract or state or local law provides something more than an "at-will" relationship. *See Lee County Port Authority v. Wright,* 653 So.2d 1104, 1105 (Fla.Dist.Ct. App.1995) (*per curiam* ).

█ The Court finds that Section 2–2 of the Code of Ordinances, City of Edgewater, Florida, as incorporated into Section 8 of the Agreement, as amended, is unambiguous in allowing the City to terminate the City Manager's employment without cause. Consequently, the Court will not consider the prefatory language of the Agreement or the extrinsic evidence submitted by the parties. *See Johnson v. Johnson,* 725 So.2d 1209, 1212 (Fla.Dist. Ct.App.1999) (slip copy) (noting that the prefatory language contained in a "whereas" clause should not be considered unless the agreement is otherwise ambiguous); *Dimmitt Chevrolet, Inc. v. Southeastern Fidelity Ins. Corp.,* 636 So.2d 700, 705 (Fla.1993) (holding that extrinsic evidence is "inappropriate and unnecessary" when a contract is unambiguous). In addition, since the Manual is in conflict with Section 8 of the Agreement, as amended, the Manual will not be considered. *See* (Doc. No. 21, at App. 31, Manual) (noting that the Agreement preempts contradictory language in the Manual).

█ Section 8 explicitly provides for the removal of the City Manager "at any time." In addition, Section 8 notes that severance benefits will not be paid when the City Manager is removed "for cause." Thus, the negative implication that the City may remove the City Manager without cause is obvious and unambiguous. Finally, Section 8 defines the definition of "for cause" but, importantly, fails to require "cause" for the termination of the City Manager anywhere in the Agreement, as amended. Therefore, Plaintiff's claim for procedural due process must be rejected.

Count Two of the Complaint also alleges a violation of due process rights. Consequently, summary judgment must be en-

tered for the Defendants named in that count.

Counts Three and Four of the Complaint allege state contract claims, and Plaintiff has no remaining federal claims. Moreover, under 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over such claims. Thus, such claims must be dismissed.

## IV. CONCLUSION

Based on the foregoing, the Court rules as follows:

(1) Defendants' Motion for Summary Judgment and Statement of Undisputed Facts (Doc. No. 13, filed July 21, 1998) is **GRANTED in PART.**

(2) The Clerk is directed to enter Judgment in favor of Defendants City of Edgewater, Florida, Randy Allman, Gary Roberts, and Myron Hammond and against Plaintiff George McMahon on Counts One and Two of the Complaint.

(3) Counts Three and Four of the Complaint are **DISMISSED** for lack of subject-matter jurisdiction.

(4) Plaintiff's Counter–Motion for Partial Summary Judgment on Issue of Liability and Statement of Undisputed Material Facts (Doc. No. 21, September 14, 1998) is **DENIED.**

(5) Plaintiff's Request for Oral Argument (Doc. No. 25, filed September 14, 1998) is **DENIED.**

(6) The Clerk is directed to **CLOSE** this case.

### JUDGMENT IN A CIVIL CASE

**Decision by Court.** This action came before the Court and a decision has been rendered.

### IT IS ORDERED AND ADJUDGED

that the plaintiff take nothing on Counts One and Two of the Complaint, that the action be dismissed on the merits, and that the defendants City of Edgewater, Florida, Randy Allman, Gary Roberts and Myron Hammond recover of the plaintiff George McMahon their costs of action.